[Cite as *In re J.R.R.*, 2014-Ohio-3550.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| J.R.R. | : | CASE NO. CA2013-09-176 |
| | : | <u>O P I N I O N</u><br>8/18/2014 |
| | : | |
| | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JS2013-0246


Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for appellant, Jeannette Rowan

Carl D. Ferris, 225 Court Street, Hamilton, Ohio 45011, for appellee, Lisa Lewis


**PIPER, J.**

{¶ 1} Appellant, Jeannette Rowan, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division (Butler County Court), which enforced an order from a Pennsylvania court granting custody of Rowan's child to appellee, Lisa Lewis.

A. Statement of Facts

{¶ 2} Rowan, who is the natural mother of the child, and Lewis were same sex partners, and Lewis helped Rowan parent the child for the first five years of the child's life.

Lewis is also a biological aunt to the child, as Rowan and Lewis chose Lewis' nephew to impregnate Rowan so that Rowan and Lewis could have a child together. Upon the dissolution of the parties' domestic partnership in 2006, Rowan tried to keep Lewis from being involved in the child's life. Lewis began court proceedings in 2007 to seek visitation with the child. In 2009, the Mercer County, Pennsylvania, Common Pleas Court gave Rowan custody of the child and ordered that Lewis have visitation.

{¶ 3} However, and on a continual basis, Rowan refused to permit Lewis to see the child. In 2010, Rowan moved to Butler County, Ohio with the child, but did not obtain leave of the Mercer County Court to relocate the child. On multiple occasions, Rowan was found in contempt of court by the Mercer County Court, and the Mercer County Court eventually issued a warrant for Rowan's arrest for failing to purge her contempt. However, the record indicates that Ohio officials did not honor the warrant.

{¶ 4} In 2012, Lewis moved for and was granted physical custody of the child by the Mercer County Court after Rowan continued to deny Lewis her visitation rights. The custody order granted Lewis temporary primary physical custody of the child, and Rowan's visitation with the child was to be supervised. Rowan was ordered to relinquish the child into Lewis' custody.

{¶ 5} The child suffers from extensive health concerns, including mitochondrial metabolism disorder, which has symptoms and side-effects that can be life-threatening. Rowan was ordered by the Mercer County Court to give Lewis all of the child's medications, medical devices, equipment, and a list of medications and treatments for the child.

{¶ 6} Lewis then filed a motion in the Butler County Court to register the custody order issued by the Mercer County Court. Thereafter, Rowan filed a motion in the Butler County Court to modify the custody and visitation order and moved the court for an emergency ex parte order. Given the significant health concerns of the child, the Butler

- 2 -

County Court granted the ex parte order until it could hold a hearing on the matter.

{¶ 7}   Within the ex parte order, the Butler County Court recognized that the child was receiving treatment at Children's Hospital and that Rowan had alleged that Lewis was unable to care for the child's health issues because Lewis had not seen the child for the past two years.  In issuing the temporary stay, the Butler County Court granted temporary custody of the child to Rowan, and ordered that Lewis could have contact with the child should she travel to Ohio.

{¶ 8}   On June 11, 2013, the Butler County Court ordered that the Mercer County Court's custody order be registered with the Butler County Court, but again stayed the execution of the order because of the child's health concerns.  Lewis filed a petition for enforcement of the custody order pursuant to Ohio's version of the Uniform Child Custody Jurisdiction and Enforcement Act, R.C. Chapter 3127.  The Butler County Court scheduled Lewis' motion for a hearing on August 23, 2014 as well as Rowan's motion to modify custody and very specifically ordered Rowan to appear at the hearing or face the issuance of a bench warrant.

{¶ 9}   Rowan did not appear for the August 23, 2014 hearing, and instead took the child to the hospital for treatment.  Rowan's counsel informed the magistrate at the scheduled hearing that Rowan had taken the child to Children's Hospital so that Rowan was unable to attend the hearing or make the child available for visitation with Lewis.  The Butler County Court then issued a bench warrant for Rowan's failure to appear.  The magistrate also granted Lewis' motion to enforce the Mercer County Court's custody order and denied Rowan's request to modify the Mercer County Court's custody order.  The magistrate stayed the execution of the custody order for 14 days so that Rowan could file objections.  Once Rowan filed the objections, the Butler County Court overruled the objections.  Rowan then appealed the trial court's order and denial of her objections, and while such was pending,

- 3 -

moved the trial court and this court to issue a stay of the custody order. Both the trial court and this court denied Rowan's motion. We now address Rowan's appeal as raised in the following assignments of error.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN, WITHOUT A HEARING, IT GRANTED APPELLEE'S MOTION FOR ENFORCEMENT OF CUSTODY AND DENIED HER MOTION TO MODIFY CUSTODY AND VISITATION.

{¶ 12} Rowan argues in her first assignment of error that the Butler County Court erred by enforcing the Mercer County Court's custody order and by denying her own motion to modify another state's custody order.

{¶ 13} Rowan's first assignment of error asserts that she was denied due process because the magistrate did not permit her attorney to present evidence on her behalf regarding the child's health concerns when she failed to appear at the hearing. R.C. 3127.19(A) provides that "before a child custody determination is made under this chapter, notice and an opportunity to be heard * * * shall be given to all persons entitled to notice * * *."

B. Opportunity to be Heard

{¶ 14} At a minimum, due process of law requires proper notice and an opportunity to be heard. *In re W.F.*, 12th Dist. Fayette No. CA2010-10-029, 2011-Ohio-3012. A fundamental requirement of due process in any final proceeding is notice reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.* at ¶ 21, citing *Bradford Forest Products, Inc.*, *v. Oborn Harwood Products, Inc.*, 3d Dist. Hardin No. 6-99-10, 2000-Ohio-1909. The notice must be of such nature as reasonable to convey the required information, and the notice must afford a reasonable time for interested parties to make an appearance.

*In re W.F.* at ¶ 21. Reasonable notice of a hearing informs the parties of the subject matter of the hearing so that the parties may ready themselves to offer evidence and testimony, and to formulate arguments pertinent to the hearing's subject matter and purpose. *Id.*, citing *State ex rel. Steinbrunner v. Indus. Comm. of Ohio*, 10th Dist. Franklin No. 05AP-626, 2006-Ohio-3444, ¶ 16.

{¶ 15} Rowan argues that she was denied due process because she was unable to attend the hearing as the child was ill and needed medical attention, and the magistrate refused to permit her attorney to offer evidence regarding the child's illnesses. The record clearly indicates, however, that Rowan was provided proper notice of the hearing, and was given the opportunity to be heard at the scheduled hearing. Rowan chose not to attend the hearing even after the magistrate gave very specific instructions that Rowan attend.

{¶ 16} The record is clear that Rowan used the child's illness and need for medical attention as an excuse to avoid prior hearings, to avoid permitting Lewis to see the child, and to avoid surrendering the child to Lewis' custody. For this reason, the court expressly informed Rowan that her attendance was absolutely required at the hearing, yet Rowan chose not to attend and exercise her opportunity to be heard on the issues.

{¶ 17} During the hearing, the magistrate considered that Rowan was again absent because she claimed the child needed medical attention. The magistrate specifically stated in regard to Rowan being absent from the hearing,

> the Court had ordered that she be present * * * and I don't believe that there's a sufficient cause for her to fail to appear for today's hearing. She understood what the circumstances were and that she needed to be here today for this hearing. She was ordered personally to attend today's hearing, was warned that umm… a warrant would issue for her arrest if she were to fail to appear.

{¶ 18} The record clearly indicates that the court gave Rowan notice of the hearing and an opportunity to be heard on the custody and jurisdiction issues, and Rowan's personal

- 5 -

choice not to attend the hearing does not vitiate the due process afforded her. The trial court gave Rowan's attorney the opportunity to make arguments at the hearing even despite Rowan's absence. Rowan's attorney argued her position that the Butler County Court held jurisdiction to consider the custody matter. While Rowan's attorney did ask the magistrate for a continuance and an additional hearing to consider evidence that the child suffered from severe health issues, the magistrate found that it was already aware of the child's health concerns and medical condition, and that the Mercer County Court held proper jurisdiction. The magistrate's decision, and eventual adoption of that decision by the trial court, did not, however, deny Rowan an opportunity to be heard and thus did not violate any due process to be accorded her.

## C. Jurisdiction

{¶ 19} According to R.C. 3127.17,

> Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state may not modify a child custody determination made by a court of another state unless the court of this state has jurisdiction to make an initial determination under division (A)(1) or (2) of section 3127.15 of the Revised Code and one of the following applies:
>
> (A) The court of the other state determines that it no longer has exclusive, continuing jurisdiction under section 3127.16 of the Revised Code or a similar statute of the other state or that a court of this state would be a more convenient forum under section 3127.21 of the Revised Code or a similar statute of the other state.
>
> (B) The court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

{¶ 20} According to R.C. 3127.18, "(A) A court of this state has temporary emergency jurisdiction if a child is present in this state and either of the following applies: (1) The child has been abandoned. (2) It is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or

abuse."

**{¶ 21}** While the child suffers several significant health issues, there is no indication in the record that the Butler County Court had to exercise emergency jurisdiction because of any abandonment or mistreatment.[1] Rowan's argument to this court insinuates that the Butler County Court could have exercised emergency jurisdiction since placing the child with Lewis would have subjected the child to mistreatment because Lewis was unable to care for the child properly. However, the record indicates otherwise.

**{¶ 22}** The record indicates that Lewis was familiar with the child's medical concerns, as she parented the child for the child's first five years. Any unfamiliarity that Lewis may have had regarding the child's more recent medical conditions was only due to Rowan's continuing obstruction of contact between Lewis and the child. The magistrate ordered that Lewis have full access to the child's medical records and that Lewis communicate with the child's Ohio doctors regarding the child's medical condition, treatment, and continued care in order to bring Lewis up to date on the child's current condition. Therefore, Lewis was given the important information and education regarding the child's needs, and there was no indication in the record that Lewis having custody would result in any abuse or mistreatment of the child.

**{¶ 23}** Therefore, the Butler County Court only had jurisdiction to modify the Mercer County Court's child custody determination if the Butler County Court had jurisdiction to make an initial determination under R.C. 3127.15(A)(1) or (2), *and* either the Mercer County Court determined that it no longer had exclusive, continuing jurisdiction or the Butler County Court

---

1. According to R.C. 3127.18(D), the Butler County Court should have communicated with the Pennsylvania court once Rowan asserted that emergency jurisdiction was proper pursuant to R.C. 3127.18(A). Although it did not, we find the error harmless, as there is absolutely no indication in the record that the Mercer County Court relinquished jurisdiction. Nor was there anything filed in the record since the time of the Butler County Court's decision indicating that the Mercer County Court was not moving forward in order to execute its order.

found that the child, the child's parents, and any person acting as a parent did not presently reside in Pennsylvania.

{¶ 24} Rowan asserts that section (B) applies because she, as the child's natural mother, does not live in Pennsylvania and the child's natural father is incarcerated. However, the statute specifically provides for "any person acting as a parent," which would include Lewis. The record is undisputed that Lewis parented the child for the child's first five years, and had been given custody of the child by the Mercer County Court. Lewis never moved from Pennsylvania so that the Butler County Court could not make a finding that R.C. 3127.17(B) was applicable.

{¶ 25} Regardless whether the Butler County Court had the ability to make an initial custody determination pursuant to R.C. 3127.15(A)(1) or (2), the Mercer County Court did not relinquish jurisdiction to Ohio and the Butler County Court never found that Lewis no longer lived in Pennsylvania. Therefore Butler County did not have jurisdictional authority to modify the Mercer County Court's custody order. As such, Rowan's first assignment of error is overruled.

{¶ 26} Assignment of Error No. 2:

{¶ 27} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ISSUED A WARRANT FOR HER ARREST.

{¶ 28} In her second assignment of error, Rowan argues that the trial court erred in issuing a bench warrant without first finding that Rowan was in contempt for her failure to appear.

D. Bench Warrant

{¶ 29} The record indicates that the magistrate clearly and expressly warned Rowan that her failure to appear at the August hearing would subject her to the issuance of a bench warrant. When Rowan failed to appear, the magistrate issued the bench warrant as

promised. We find no error in this issuance.

**{¶ 30}** A bench warrant, as defined in Black's Law Dictionary, is "a writ issued directly by a judge to a law-enforcement officer, esp. for the arrest of a person who has been held in contempt, has been indicted, has disobeyed a subpoena, *or has failed to appear for a hearing or trial*." (9th ed.2009). (Emphasis added.) A juvenile court has inherent authority to issue bench warrants as a way to enforce its orders.[2] Once Rowan failed to appear for the hearing, as was expressly ordered by the court, the court was permitted to issue the bench warrant to enforce its order.

**{¶ 31}** Although a finding of criminal contempt requires notice and an opportunity to be heard, the trial court never found Rowan in contempt.[3] The court issued the bench warrant, but enforcement of the warrant remained unresolved because Rowan was never brought before the court, either voluntarily or involuntarily. The right to notice and a hearing are not required before a bench warrant is issued. *Courtney v. Courtney*, 16 Ohio App.3d 329 (3d Dist.1984).

**{¶ 32}** Rowan argues that the court was required to abide by R.C. 2705.03, which states, "in cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel." The bench warrant, which was titled "Adult Commitment," states, "To the Keeper of the Jail of the County aforesaid, * * * You are

---

2. Rowan argues, and we agree, that the Juvenile Rules, Ohio's Revised Code on juvenile courts, or the Butler County Juvenile Court's local rules do not expressly provide juvenile courts the authority to issue bench warrants. Even so, Juv.R. 45(B) does provide that "if no procedure is specifically prescribed by these rules or local rule, the court shall proceed in any lawful manner not inconsistent with these rules or local rule." As there are no local or juvenile rules that provide that the court lacks authority to issue a bench warrant, we view the power as inherent in the juvenile court's authority to enforce its orders. To determine otherwise would undermine the orderly administration of justice.

3. According to R.C. 2151.21, "the juvenile court has the same jurisdiction in contempt as courts of common pleas."

hereby requested to receive [Rowan] charged with FAILURE TO APPEAR until the further order of this Court, or until discharged by due process of law." (Emphasis in original.)

{¶ 33} Rowan disobeyed the court's order and the court charged her with failing to appear. Failing to appear can be a contemptuous act, so that the court was, in fact, charging Rowan with contempt. Such a charge was entered upon the record, and the court thereby complied with R.C. 2705.03. That statute also provides that "this section does not prevent the court from issuing process to bring the accused into court, or from holding him in custody, pending such proceedings." Therefore, the court could issue the bench warrant without violating R.C. 2705.03 while "such proceedings" were pending. The court was correct in holding in abeyance any finding of contempt until Rowan has an opportunity for a hearing. Similarly, the court correctly held in abeyance any sanctions until it determines whether an actual finding of contempt is appropriate.

{¶ 34} Therefore, it is premature to state that Rowan has been denied due process, as Rowan has neither come forward to answer the bench warrant, nor been brought before the court to answer for failing to appear when she was specifically ordered to do so. While Rowan argues that a (1) contempt charge, (2) notice of a hearing, (3) a hearing, and (4) a finding of contempt are all necessary *predicates* to the issuance of a bench warrant, such is not the case.[4] Instead, the court expressly gave notice to Rowan that if she failed to appear at the August hearing, a bench warrant would be issued, and then issued the bench warrant when Rowan failed to appear as ordered.

{¶ 35} At this point, and because Rowan has not answered for the bench warrant, she has not been denied process. Once Rowan either voluntarily or involuntarily appears for the

---

4. Rowan's argument is somewhat circular in that it is nearly impossible to give notice to and have a hearing with a person who is refusing to comply with court orders requiring attendance and participation. The court is entitled to the issuance of process due to an individual's failure to appear. R.C. 2705.02.

bench warrant, the law requires that she be afforded due process. After a hearing, rendering Rowan an opportunity to be heard, the court could make a finding of contempt. Or, the court could also find that the warrant is moot given whatever circumstances may have occurred since the warrant was first issued in August 2013, or could dismiss the warrant upon receiving sufficient explanations for the failure to appear. We need not speculate as to the next step in this process, as such will be the decision of the Butler County Court, and rests upon Rowan's choice as to her next step in regard to the outstanding warrant. Regardless, Rowan has not been denied due process at this juncture because she has not yet appeared in court to answer for her failure to appear. As such, Rowan's second assignment of error is overruled.

**{¶ 36}** Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.